UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JACKSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GABRIELA NAJERA, *et al.*,<br><br>　　　　Respondents. | Case No. 2:20-cv-02100-KJD-DJA<br><br>**ORDER** |

　　This habeas corpus action was initiated, *pro se*, on November 13, 2020, by Robert Jackson, an individual incarcerated at Nevada's Southern Desert Correctional Center. The respondents filed a motion to dismiss on July 8, 2021 (ECF No. 11), contending that Jackson's entire petition was barred by the statute of limitations and that all his claims were unexhausted in state court and/or procedurally defaulted. On September 30, 2021, the Court granted that motion in part and dismissed certain of Jackson's claims. ECF No. 23. On June 13, 2022, after the parties briefed the merits of Jackson's remaining claims, the Court denied Jackson's petition and denied him a certificate of appealability (ECF No. 29), and judgment was entered on that same date (ECF No. 30). Jackson appealed, and, on May 12, 2023, the Ninth Circuit Court of Appeals denied his request for a certificate of appealability in that court. ECF No. 36.

　　Then, on June 1, 2023, Jackson filed a motion entitled "Motion for Relief: from September 30, 2021, Order Dismissing Counts of Federal Petition, under Rule 60(b)(1)." ECF No. 39. In his Rule 60(b) motion, Jackson challenged the Court's application of the procedural default doctrine in the September 30, 2021, order, to dismiss certain of his claims. On August 10, 2023, this Court denied Jackson's Rule 60(b) motion as untimely, under Federal Rule of Civil Procedure 60(c)(1), because it was not filed within a reasonable time, as it was filed some 21 months after the Court entered the order he challenged, over 11 months after judgment was

1  entered, over 10 months after the time for him to appeal expired, and even after his appeal was
2  concluded with the Court of Appeals denying him a certificate of appealability (ECF No. 47).
3        Jackson appealed from this Court's ruling on his Rule 60(b) motion (ECF No. 48). On
4  September 18, 2023, the Ninth Circuit Court of Appeals remanded the case to this Court for the
5  limited purpose of granting or denying Jackson a certificate of appealability with respect to the
6  denial of his Rule 60(b) motion (ECF No. 50).
7        The standard for the issuance of a certificate of appealability requires a "substantial
8  showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has
9  interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000). Applying the standard articulated in *Slack*, the Court finds that a certificate of appealability is unwarranted with respect to the denial of Jackson's Rule 60(b) motion. Reasonable jurists would not find debatable this Court's ruling that his motion was not filed within a reasonable time, within the meaning of Federal Rule of Civil Procedure 60(c)(1).

      **IT IS THEREFORE ORDERED** that Petitioner is denied a certificate of appealability with respect to this Court's order entered August 10, 2023 (ECF No. 47).

///
///
///
///
///
///

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to transmit a copy of this order to the Ninth Circuit Court of Appeals, with reference to Case Number 23-1813 in that court.

DATED THIS 18th day of October 2023.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE